IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Maurice Graves, #208580, | C/A No.: 1:13-2866-RMG-SVH |
| Petitioner, | |
| vs. | ORDER AND REPORT AND RECOMMENDATION |
| Michael McCall, | |
| Respondent. | |

Petitioner Maurice Graves filed this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civ. Rule 73.02(B)(2)(c) (D.S.C.) for a Report and Recommendation on Respondent's return and motion for summary judgment. [ECF Nos. 35, 36]. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Petitioner of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to Respondent's motion by July 17, 2014. [ECF No. 40]. On July 28, 2014, Petitioner filed a motion to amend his petition [ECF No. 49], which is fully briefed [ECF Nos. 57, 70]. Respondent filed a supplement to the return and motion for summary judgment on August 15, 2014. [ECF No. 58]. After multiple extensions, Petitioner filed a response to the motion for summary judgment [ECF No. 67], and Respondent filed a reply [ECF No. 74]. Petitioner supplemented his response to summary

1

judgment [ECF No. 75], and then he requested an extension within which to file another sur-reply [ECF No. 79], which request the undersigned denied [ECF No. 77].

Upon review of the record in this case, the undersigned became concerned that the court lacked jurisdiction over the claims in this case because it did not appear that Petitioner was in custody on the convictions about which he was complaining. Therefore, the court directed Respondent to have the responsible records employee file an affidavit explaining Petitioner's custodial sentences according to official state records. [ECF No. 79]. Respondent complied with the court's order by reply dated November 20, 2014. [ECF No. 82]. Despite the voluminous filings in this case, the court does not reach the merits of Petitioner's claims because he is indeed not in custody on the convictions about which he complains; therefore, the court lacks subject matter jurisdiction. After having carefully considered the parties' submissions and the record in this case, the undersigned recommends that Respondent's motion for summary judgment be granted and Petitioner's motion to amend be denied as futile.

Petitioner has also filed two motions to stay [ECF Nos. 24, 50] and two motions for discovery [ECF Nos. 25, 51], which have also been fully briefed [ECF Nos. 37, 38, 55, 56, 62, 63, 68, 69]. The undersigned denies those motions as unsupported.

I.      Factual and Procedural Background

Petitioner is currently incarcerated at the Lee Correctional Institution of the South Carolina Department of Corrections ("SCDC") pursuant to a life without parole ("LWOP") sentence imposed on November 19, 2003, after he was convicted in a trial for first degree burglary (2003-GS-43-159). [ECF Nos. 35-31; 82-1]. Petitioner does not challenge his present custody. Rather, Petitioner attempts to challenge a prior 1993 conviction. State court records show Petitioner pled guilty to voluntary manslaughter and strong arm robbery on December 13, 1993.[1] Petitioner was sentenced by the Honorable David F. McInnis, Circuit Court Judge, to 20 years on the charges. [ECF Nos. 35-2, 35-3 at 121–22]. Petitioner did not appeal the convictions or sentences.

On March 23, 1994, Petitioner filed an application for post-conviction relief ("PCR") (1994-CP-43-177), asserting claims of ineffective assistance of counsel, involuntarily plea, and violation of his constitutional rights. [ECF No. 35-4].  After an evidentiary hearing, the PCR court filed an order of dismissal on October 31, 1995. [ECF No. 35-6].

In 2000, Petitioner filed a second PCR application (2000-CP-43-186), asserting claims of ineffective assistance of trial and PCR counsel and involuntarily plea. [ECF No. 35-7].  After an evidentiary hearing on November 27, 2001, at which Petitioner informed

---

[1] Petitioner was originally indicted during the November 1993 term of court for murder and strong arm robbery (1993-GS-43-875). [ECF No. 35-1].

the court of his desire to withdraw his application, the PCR court entered an order of dismissal on January 14, 2002. [ECF No. 35-9].

On November 18, 2005, Petitioner completed service of his sentence for the strong arm robbery conviction. [ECF No. 82-1]. On December 12, 2005, Petitioner completed service of his sentence for the voluntary manslaughter conviction. *Id.* Meanwhile, Petitioner remained in custody for his LWOP sentence on the first degree burglary conviction he received on November 19, 2003. *Id.*

On May 21, 2010, Petitioner filed a third PCR application (2010-CP-43-1088), asserting claims of ineffective assistance of counsel and requesting an *Austin* review of the denial of his first PCR hearing. [ECF No. 35-11]. The PCR court filed a Conditional Order of Dismissal on May 3, 2011. [ECF No. 35-13]. Petitioner responded to the Conditional Order of Dismissal in an objection [ECF No. 35-15] and motion to alter or amend judgment [ECF No. 35-16]. On August 8, 2011, the PCR court filed an Order of Dismissal. [ECF No. 35-17]. Petitioner submitted another motion to alter or amend judgment on August 22, 2011 [ECF No. 35-18]. On September 7, 2011, the PCR court filed an Amended Final Order of Dismissal. [ECF No. 35-20].

Petitioner filed a notice of appeal on September 29, 2011. [ECF No. 35-21]. In a letter dated October 24, 2011, the South Carolina Supreme Court requested Petitioner to provide an explanation as to why the denial of relief by the PCR court as successive and untimely was improper. [ECF No. 35-22]. Petitioner filed an explanation. [ECF No. 35-23]. By order entered February 8, 2012, the South Carolina Supreme Court dismissed the

notice of appeal. [ECF No. 35-24]. The remittitur issued on February 24, 2012. [ECF No. 35-25]. On April 26, 2014, the South Carolina Supreme Court denied as untimely Petitioner's request for rehearing [ECF Nos. 35-26, 35-27].

On April 14, 2014, Petitioner filed a fourth PCR application (2014-CP-43-735), asserting claims of ineffective assistance of counsel. [ECF No. 35-28].

Petitioner filed this federal petition for a writ of habeas corpus on or about October 14, 2013.[2]

II.   Discussion

   A.   Federal Habeas Issues

Petitioner states the following grounds in his habeas petition:

Ground One:      Petitioner Fifth and Fourteenth Amendment of the United States Constitution were violated due to petitioner not receiving a revocation hearing after petitioner was served with a arrest warrant violating his parole from petitioner '1993" conviction.

Ground Two:      Actual Innocence

Ground Three:    Petitioner's Fourth Amendment Right of the United States Constitution was violated due to the fact that the magistrate judge created the affidavit for the arrest warrant for murder, and forge the affiant's signature.

Ground Four:     Prosecutor Misconduct

---

[2] The petition was received by the court on October 16, 2013, and docketed on October 21, 2013. Because Petitioner is incarcerated, he benefits from the "prison mailbox rule," *Houston v. Lack*, 487 U.S. 266 (1988). The stamp on the envelope reflects that Petitioner delivered his petition to the correctional facility mailroom for mailing on October 14, 2013. [ECF No. 1-8 at 2].

| | |
|---|---|
| Ground Five: | Petitioner's Sixth and Fourteenth Amendment of the United States Constitution were violated by petitioner's 1st pcr counsel failures to file a notice of appeal following petitioner's "1995" pcr hearing. |
| Ground Six: | Trial Counsel was ineffective for failing to interview key eye witnesses to prove petitioner innocence, all in which violated petitioner Sixth Amendment Right to the United States Constitution. |
| Ground Seven: | Trial Counsel was ineffective for failing to object to a invalid arrest warrant when the magistrate clearly wrote the affidavit, all in which violated petitioner's Sixth Ament Right of the United States Constitution. |
| Ground Eight: | Trial counsel was ineffective for failing to do any pre trial investigation including: consulting with petitioner, failure to examine autopsy report, and failure to review the scene of the crime, all in which violated Petitioner's Sixth Amendment Right of the United States Constitution. |

[ECF No. 1 at 15–26](errors in original).

| | |
|---|---|
| Ground Nine: | (First Amended Claim) Trial Counsel was ineffective for allowing petitioner to plead guilty to a charge that wasen't a lesser included offense of the charge, all in which violated petitioner's Fifth, Sixth, and Fourteenth Amendment of the United States Constitution. |
| Ground Ten: | (Second Amended Claim) Trial Counsel was ineffective for failing to disclose any evidence to Petitioner's case that petitioner did no crime at all, in which violated petitioner's Fifth, Sixth, and Fourteenth Amendment of the United States Constitution. |
| Ground Eleven: | (Third Amended Claim) Trial Counsel was ineffective for failing to file a notice of appeal following petitioner conviction, after petitioner advised counsel to do so, all in which violated petitioner, Fifth, Sixth, and Fourteenth Amendment of the United States Constitution. |

[ECF No. 20 at 1–7](errors in original).

### B.     Standard for Summary Judgment

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. *See* Fed. R. Civ. P. 56(e). The federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, *see, e.g., Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

7

C.   Analysis

Respondent argues that the petition should be summarily dismissed for, *inter alia*, Petitioner's failure to satisfy the custody requirement. The undersigned agrees. Respondent argues that Petitioner does not meet the custody requirement because he is not in custody for the conviction he attempts to challenge. Section 2254 habeas relief is available only to one who is "in custody … in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The Supreme Court has "construed this provision to be jurisdictional and to require that 'the habeas petitioner be "*in custody" under the conviction or sentence under attack* at the time his petition is filed.'" *Wilson v. Flaherty*, 689 F.3d 332 (4th Cir. 2012), citing *Maleng v. Cook*, 490 U.S. 488, 490–91 (1989)(emphasis added by *Wilson* court).

Petitioner completed service of his sentence for the strong arm robbery conviction on November 18, 2005, and for the voluntary manslaughter conviction on December 12, 2005. [ECF No. 82-1]. Therefore, Petitioner is not in custody with respect to those convictions. Petitioner is currently incarcerated for LWOP for a first degree burglary conviction he received on November 19, 2003. *Id.*

Petitioner does not challenge his burglary conviction. Instead, Petitioner argues that the court should consider him as "in custody" for the strong arm robbery and voluntary manslaughter convictions because he was "in custody from a parole arrest warrant from the 1993 conviction," prior to being convicted of burglary in November 2003. [ECF No. 1 at 16]. Petitioner's argument is without merit. The fact that Petitioner

8

had multiple convictions that overlapped, along with a parole violation, does not entitle him to extend the habeas statute of limitations when he is no longer in custody on the convictions he wishes to challenge.

A court will not infer allegations supporting federal jurisdiction. Because Petitioner is not "in custody" within the meaning of 28 U.S.C. § 2254(a), the court lacks subject matter jurisdiction over the petition. A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears, and thus federal subject matter jurisdiction must always be affirmatively alleged. Fed. R. Civ. P. 8(a). When a federal court concludes that it lacks subject matter jurisdiction, the court must dismiss the action. *Arbaugh v. Y & H Corp.,* 546 U.S. 500, 514 (2006).

Petitioner has failed to allege facts showing jurisdiction in this court. Because Petitioner's claim concerning his prior convictions for strong arm robbery and voluntary manslaughter is foreclosed from review in this proceeding pursuant to § 2254, Petitioner could not allege a tenable claim even if leave to amend were granted. Accordingly, the undersigned recommends the court deny Petitioner's motion to amend [ECF No. 49] and dismiss the petition for lack of subject matter jurisdiction.

III.     Conclusion and Recommendation

For the foregoing reasons, the undersigned denies Petitioner's motions to stay [ECF Nos. 24, 50] and motions for discovery [ECF Nos. 25, 51].

IT IS SO ORDERED.

Further, the undersigned recommends the court deny Petitioner's motion to amend his petition [ECF No. 49] as futile, grant Respondent's motion for summary judgment [ECF No. 36], and dismiss the petition for lack of subject matter jurisdiction.

IT IS SO RECOMMENDED.

*/s/ Shiva V. Hodges*

December 2, 2014  Shiva V. Hodges
Columbia, South Carolina  United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).