IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Maurice Graves, | ) | |
| | ) | |
| Petitioner, | ) | C/A No.: 1:13-2866-RMG |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| Michael McCall, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner, Maurice Graves, an inmate at Lee Correctional Institution in Bishopville, South Carolina, filed this *pro se* petition for a writ of habeas corpus with this Court pursuant to 28 U.S.C. § 2254 on October 21, 2013. (Dkt. No. 1). Petitioner is currently incarcerated pursuant to a life without parole sentence imposed on November 19, 2003, after trial and having been convicted for first degree burglary. (Dkt. Nos. 35-31; 82-1). However, Petitioner filed this petition in relation to a guilty plea and sentence for voluntary manslaughter and strong arm robbery on December 13, 1993.[1] (Dkt. No. 1). Petitioner claims the voluntary manslaughter and strong arm robbery conviction should be vacated due to not receiving a revocation hearing after being served with an arrest warrant for violating his parole from the 1993 conviction, actual innocence, violations of the Fourth Amendment protection against illegal search and seizure, prosecutor misconduct, and violations of the Sixth and Fourteenth Amendments in relation to ineffective assistance of counsel. (Dkt. Nos. 1 at 15–26; 20 at 1–7). The matter is now before the Court for ruling on the Magistrate Judge's Report and Recommendation (Dkt. No. 83), which the Court hereby adopts in full.

## Background

---

[1] Petitioner was originally indicted in 1993 for murder and strong arm robbery. (1993-GS-43-875; Dkt. No. 35-1).

1

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 73.02(B)(2) DSC, this case was assigned to a Magistrate Judge. Subsequent to the filing of the petition, (Dkt. No. 1), Respondent filed a return and motion for summary judgment arguing the Court lacked subject matter jurisdiction to rule on the matter. (Dkt. Nos. 35, 36). Petitioner filed several responses to Respondent's motion for summary judgment. (Dkt. Nos. 49, 57, 70, 75). Having concerns as to whether the Court had jurisdiction over Petitioner's claims, the Magistrate Judge issued an Order requiring Respondent to "have the responsible SCDC records employee file an affidavit by December 1, 2014 explaining Petitioner's custodial sentences according to its official records." (Dkt. No. 79). Respondent filed a Reply with the requested documentation on November 20, 2014, which showed that the Petitioner had completed the sentences for strong arm robbery on November 18, 2005, voluntary manslaughter on December 12, 2005, and is currently serving a life without parole sentence for first degree burglary pursuant to a November 9, 2003 conviction. (Dkt. No. 82–1).

After receipt of Petitioner's custodial records, the Magistrate Judge filed a Report and Recommendation ("R&R") on December 2, 2014, recommending this Court deny Petitioner's motion to amend his petition, (Dkt. No. 49), grant Respondent's motion for summary judgment, (Dkt. No. 36), and dismiss the petition for lack of subject matter jurisdiction. (Dkt. No. 83). Petitioner filed objections to Respondent's reply on December 4, 2014 claiming that the dates in the SCDC records are incorrect. (Dkt. No. 85). Additionally, Petitioner filed a motion to extend the time to file objections, (Dkt. Nos. 86), which was granted by the Court. (Dkt. No. 87). Petitioner has also filed a motion for clarification, (Dkt. No. 89), and a motion for permission for motion for admission regarding court records of a PCR hearing that occurred in 1995 on the voluntary manslaughter conviction, (Dkt. No. 90). Respondent filed a response in opposition to

Petitioner's motion for permission for motion for admission. (Dkt. No. 91). Subsequently, Petitioner filed objections to the R&R. (Dkt. No. 96) as well as a Motion for Hearing (Dkt. No. 95), Motion to Strike (Dkt. No. 97), Motion for Issuance of Subpeona, and Motion for Certificate of Appealability (Dkt. No. 99). For the reasons stated below, this Court concurs with and wholly adopts the R&R of the Magistrate Judge. (Dkt. No. 83).

## Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is required to make a *de novo* determination of those portions of the R&R to which a specific objection has been made, and may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

Under 28 U.S.C. § 1915(e)(2)(B), the Court shall dismiss an inmate's action if it determines that the action: "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

## Discussion

Petitioner raises several grounds for his habeas petition that the Magistrate Judge has thoroughly detailed in the R&R. Petitioner's claims all relate to his 1993 sentence and subsequent incarceration for strong arm robbery and voluntary manslaughter. Respondent's motion for summary judgment argues that the Court lacks subject matter jurisdiction to rule on Petitioner's claims because Petitioner is no longer "in custody" on those charges. The Magistrate Judge agrees and recommends Respondent's motion for summary judgment be

3

granted and Petitioner's motion to amend be denied because the Court lacks subject matter jurisdiction.

Federal district courts lack subject matter jurisdiction to consider a petition under 28 U.S.C. § 2254 unless the petitioner is "'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490–91, (1989) (per curiam) (holding the Court lacked subject matter jurisdiction where the Petitioner was not "in custody" for the 1958 conviction his petition was based on, but a subsequent conviction). "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) (quoting *Ex parte McCardle*, 68 U.S. (7 Wall.) 506, 514 (1869)). Therefore, if a petition for habeas attacks a conviction or sentence that the petitioner is no longer in custody for, but is instead in custody pursuant to a subsequent conviction, the court lacks subject matter jurisdiction to rule on the petition and the case must be dismissed.

Petitioner objects to the recommendation, claiming the affidavit by Michael Stobbes, (Dkt. No. 82-1), stating that the sentences for voluntary manslaughter being completed as of December 12, 2005 and strong armed robbery completed as of November 18, 2005 is inaccurate. (Dkt. No. 96). 'However, Petitioner's own submission, the Department of Probation, Parole and Pardon Services letter to Petitioner on January 9, 2013, affirms that the sentences for robbery and voluntary manslaughter were complete on November 18, 2005 and December 12, 2005 respectively. (Dkt. No. 97-2). Petitioner filed this action based on claims attacking his 1993 conviction for robbery and voluntary manslaughter. Therefore, the Petitioner was not "in custody" under the conviction or sentences under attack, strong arm robbery and voluntary

custody" under the conviction or sentences under attack, strong arm robbery and voluntary manslaughter, when his petition was filed on October 21, 2013. The Court lacks the subject matter jurisdiction to declare the law in any claims made based on the petition and therefore must grant Respondent's motion for summary judgment due to lack of subject matter jurisdiction. This Court makes no rulings as to the merits of Petitioner's claims.

## Conclusion

For the reasons stated, the Court **ADOPTS** the R&R. (Dkt. No. 83). Accordingly, Respondent's motion for summary judgment, (Dkt. No. 36), is **GRANTED**, and the Petitioner's motion for permission to amend his petition, (Dkt. No. 49), motion for clarification, (Dkt. No. 89), motion for permission for motion for admission, (Dkt. No. 90), motion for evidentiary hearing, (Dkt. No. 95), motion to strike Michael Strobbe's affidavit, (Dkt. No. 97), and motion for subpoena, (Dkt. No. 98), are **DISMISSED** as moot. Further, the motion for Certificate of Appealability, (Dkt. No. 99), is **DENIED** for the reasons set forth below.

## Certificate of Appealability

The governing law provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies the standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*,

**AND IT IS SO ORDERED.**

_____
The Honorable Richard Mark Gergel
United States District Court Judge

February 25, 2015
Charleston, South Carolina