IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Maurice Graves, #208580, | ) | Civil Action No. 1:13-cv-2866-RMG |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Michael McCall, | ) | |
| | ) | |
| Respondent. | ) | |

Petitioner, an inmate at Lee Correctional Institution in Bishopville, South Carolina, filed this *pro se* petition for a writ of habeas corpus. The Magistrate Judge submitted a Report and Recommendation ("R&R) (Dkt. No. 83) from the Magistrate Judge presiding over the case pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. The Court adopted the Magistrate's R&R in whole (Dkt. No. 103).

Petitioner has filed a Motion to Alter the Judgment pursuant to Rule 59(e) and 60(b) relief, requesting that the Court alter its judgment in view of certain objections and exhibits that Petitioner contends were overlooked in the earlier determination.

Relief is available pursuant to Federal Rules of Civil Procedure 59(e) and 60(b)(1) only in limited circumstances: to accommodate a change in law, to account for new evidence, to correct a clear error or prevent manifest injustice, or to demonstrate the right to relief from the final judgment. Petitioner does not argue that any of these specific factors apply here but given that his motion focuses on information that he already submitted to the Court, his motion is best construed as an argument that there was clear error and/or manifest injustice in the R&R and the order adopting the R&R.

Petitioner's claims all related to his 1993 sentence and subsequent incarceration for strong arm robbery and voluntary manslaughter. However, the Court lacks subject matter jurisdiction to rule on Petitioner's claims because Petitioner is no longer "in custody" on those charges. Petitioner is currently incarcerated pursuant to a life without parole sentence imposed on November 19, 2003, following a trial and guilty verdict for first degree burglary. (Dkt. Nos. 35-31; 82-1).

Petitioner refers to eight exhibits in his motion, which the Court reviewed in the first instance and has now revisited. He argues that the exhibits show that he is in fact still serving time pursuant to one of his 1993 convictions and should therefore be heard respecting the alleged flaws in those proceedings. (Dkt. No. 109). Six of the exhibits are printouts of various prison records, indicating Petitioner's convictions, age, location, etc., and one is a letter requesting reclassification of an offense from Petitioner.[1] The conviction status of all of his three convictions is, as he notes, "ACT" (presumably "active"). However, his submissions also indicate that his strong arm robbery and voluntary manslaughter sentences were *complete* in November and December, respectively (*e.g.* Exhibit #2, Dkt. No. 82-3). Furthermore, Michael Stobbe, an employee of the South Carolina Department of Corrections in the Division of Institution Records, submitted an affidavit to the Court explaining that he had personally reviewed the records relating to Petitioner's convictions and sentences, and he did indeed complete these sentences in 2005. Upon reviewing the relevant documents again, the Court sees no evidence of error in the record. No issue of material fact was in dispute and Respondent was properly granted summary judgment.

Petitioner's arguments regarding his parole time are not relevant, since this Court only has jurisdiction over a habeas case where a petitioner is in custody and is challenging the

---

[1] One exhibit is a printout of a prison policy book, which has no relevance to the present motion.

2

conviction or sentence underlying his present incarceration. And having found that there was no jurisdiction to hear the petition, the remaining pending motions were therefore properly found moot in the February order (Dkt. No. 103), and Petitioner's argument that the Court should have waited for replies on those motions is unavailing.

Petitioner's Motion to Alter the Judgment (Dkt. No. 109) is therefore **DENIED.**

**IT IS SO ORDERED.**

Richard M. Gergel
United States District Judge

May 7, 2015
Charleston, South Carolina

3